This case was for the settlement of an estate, and the construction of a will. It was fully argued by general Pinckney, and Mr. E. Rutledge, Mr. Bee and Mr. Be-saussure, the parties’ solicitors — but no traces of the arguments have been preserved.
The court after some days, delivered its opinion on the points in controversy, a few only of which deserve notice, — The court gave its decretal order briefly, merely stating the points, and deciding on them.
4th point. — The court have with great attention examined both the wills of the testator, but cannot conceive upon what principle the court at that day* could have been governed, in making the decree they then did? it appearing to us as plain a question as ever was brought into this court, that the will of 1770, never having been legally revoked, the limitation over of Gerardeau’s real estate, to the surviving sons, must have its full operation? for there does not appear to be even a constructive intent tion to defeat that clause, in cither of the wills, supposing that they could legally be taken together as such, for the very words of limitation in the first are repeated in the second (intended) will. — We agree perfectly with them, that the 10,000?. to Gcrardeau must be considered as real estate, hut that on his death it went over to the surviving sons: Therefore the former decree must be thus amended.
6th point. — The lands directed to he sold, and which were sold, must be considered as money, and consequently equally divided among the surviving children.
7th, 8th & 9th points. — Wo agree with, and establish the former decree on these points.

 The court here spoken of, was anterior to the organization of the eourt in 1784.